IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-285-BO

| | |
|---|---|
| RICKY AL GAITHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

BACKGROUND

On November 30, 2009, plaintiff applied for disability insurance benefits and child's disability benefits. He also applied for supplemental security income ("SSI"). The plaintiff alleged that he was disabled from January 1, 1989, when he was seventeen years old, onward. The plaintiff allegedly suffers from a mental disorder, chronic cataracts, back pain, and memory problems. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and one was held on October 6, 2010. ALJ Edward Bowling issued his decision concluding that the plaintiff was not disabled on January 5, 2011. The appeals council declined to review ALJ Bowling's decision making it the final decision of the Commissioner. The plaintiff now seeks review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c).

DISCUSSION

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court must not substitute its judgment for that of the Commission if the Commissioner's decision is supported by substantial evidence. *See Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

Here, in proceeding through the proper progressive five-step evaluation process, the ALJ found that the plaintiff was not disabled because he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Specifically, the plaintiff does not meet the listings found at 12.02, 12.04, 12.05, and 12.09. As noted by the ALJ, paragraph "B" of each of these listings (paragraph "D" of 12.05) requires that the plaintiff show at least two of the following impairments: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintain concentration, persistence, or pace; (4) repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

After considering the mental disorders listed in 12.00 of the listing of impairments and the ALJ's review of the same, this Court finds that the ALJ's conclusion is supported by substantial evidence. As noted in the ALJ's decision, the plaintiff was independent in his activities of daily living. Although he suffered some limitations, he spent time going to the library, caring for an elderly man, and, at least occasionally, playing video games. [Tr. 23]. As noted by ALJ Bowling, marked refers to a restriction or difficulty that is more than moderate, but less than extreme. The plaintiff has failed to show marked restrictions or difficulties that rise to the level required by the 12.00 listings. Further, the plaintiff has had no periods of decompensation that have persisted for any significant duration.

Further, the ALJ determined that the plaintiff has the residual functional capacity ("RFC") to perform medium work subject to certain limitations. Finally, after taking the testimony of a vocational expert ("VE"), the ALJ determined that, while the claimant could not return to any past relevant work, the claimant is able to perform other work that exists in significant numbers in the national economy. The ALJ's findings are supported by substantial evidence and, as such, it is proper to affirm his determination that the claimant is not disabled and not entitled to benefits.

The Court notes that the plaintiff submitted a subsequent application for SSI benefits on January 14, 2011 and that ALJ Wisz issued a decision fully favorable to the plaintiff on January 3, 2013. In her opinion ALJ Wisz noted that "the current evidence of record indicates that [claimant's] condition has significantly deteriorated" since ALJ Bowling's decision was issued. This Court highlights this significant deterioration, which is supported by substantial evidence, to explain why the plaintiff might now be entitled to benefits despite not being disabled at the time of ALJ Bowling's decision.

## CONCLUSION

For the reasons outlined above, plaintiff's motion for judgment on the pleadings is DENIED, defendant's motion for judgment on the pleadings is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

SO ORDERED.

This, the __8__ day of ~~April~~ May 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE